STATE OF FLORIDA
IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

RICHARD TERRY,
    Plaintiff,

vs.

Case No.: 09CA028670
Division I

ARMOR CORRECTIONAL
HEALTH SERVICES
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, Richard Terry, by his attorneys, complains against Defendant, Armor Correctional Health Services. (hereinafter "Defendant") as follows:

## JURISDICTION

1. This action arises under Title VII of the Civil Rights Act of 1964 (42 USC 2000e-2(a), 42 USC 2000e-3(a)).

2. All preconditions to jurisdiction under Title VII of the Civil Right Act of 1964 have been met, as follows:

    a. Plaintiff filed a charge of employment discrimination on the basis of race with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged employment discrimination on the basis of sex, religion and retaliation against him.

    b. The EEOC issued a "Right To Sue" Notice on September 18, 2009.

    c. Plaintiff filed this civil action within ninety days of receiving the "Right to Sue" Notice from the EEOC.

1

## PARTIES

3. Plaintiff is a citizen of the United States and a resident of Tampa, Florida. Plaintiff's address is 1109 Versant Drive, #203, Brandon, Florida 33511.

4. Defendant, Armor Correctional Health Services, is a Florida corporation with its principal place of business in Miami, Florida. Defendant's corporate address is 4960 SW 72nd Avenue, Suite 400, Miami, Florida 33155. Defendant operated a location on 520 N. Falkenburg Road, Tampa, Florida 33619-7884. Defendant is an employer within the meaning of the Title VII of the Civil Rights Act of 1964.

5. Plaintiff Richard Terry was an employee at the above-mentioned Tampa Location from approximately October 2007 to September 2008.

## FACTUAL BACKGROUND

6. Plaintiff began his employment with Defendant on October 10, 2007 as a Psychiatric Registered Nurse and at the time of separation, Plaintiff held the position of Assistant Health Service Administrator.

7. On September 23, 2008, Plaintiff's employment with Defendant was terminated. Plaintiff was force to resign from employment due to a hostile work environment created by the Defendant's then Health Service Administrator, Robin Devine.

8. In October 2007, Robin Devine was hired by Defendant as a contract consultant to assist with Defendant's operations.

9. In January 2008, Robin Devine was named as Health Services Administrator for the Defendant.

10. In March 2008, Plaintiff was promoted to Assistant Health Services Administrator

for the Defendant and thus, Plaintiff's immediate supervisor was Ms. Devine.

11. From March 2008 through June 2008, Ms. Devine instructed Plaintiff to reduce the hours of two nurses based on their age and their disability. Plaintiff objected to and refused to follow the adverse employment action ordered by Ms. Devine towards these nurses.

12. Plaintiff attempted to work with Ms. Devine towards creating a more harmonious work atmosphere during staff meetings. Ms. Devine informed the Plaintiff to "keep his mouth shut" if he did not support her in meetings.

13. In May 2008, Ms. Devine ordered the Defendant's former Medical Director, Elizabeth Tower, to destroy medical records in violation of 45 C.F.R. §164.502; 45 C.F.R. §164.530(j); 42 U.S.C.S. §§ 1320d et. seq.; Fla. Stat. § 464.108(1)(f); Fla. Stat. § 458.331(1)(m); Fla. Stat. § 456.057; Fla. Stat. §§ 464 et. seq.; and Florida Administrative Code Rule 64B8-10.002. Ms. Tower informed Plaintiff about the illegal request. The Defendant was informed about the illegal request/order to remove and destroy medical records. Plaintiff subsequently filed a complaint with the Florida Board of Nursing regarding the order to destroy medical records.

14. Based on the concerns of Ms. Levine, Plaintiff reported her actions to Defendant's Vice President, Steve Eppel, and the Colonel of Hillsborough County Sheriff's Office. Thereafter, Ms. Devine ordered Plaintiff to refrain from speaking to Mr. Epple or anyone in the Hillsborough County Sheriff's Office leadership about her performance or behavior.

15. Based upon Plaintiff's having contacted Mr. Eppel about his concern regarding Ms. Devine, Defendant initiated an investigation into the conduct of Ms. Devine. Ms.

Devine was temporarily removed during the pendency of the investigation.

16. Upon Ms. Devine's return to her position in June 2008, Ms. Devine informed Plaintiff that he was not permitted to speak to anyone within Defendant's company without her knowledge.

17. From June 2008 through September 2008, Ms. Devine continued to create an intolerable work environment. Ms. Devine repeatedly instructed Plaintiff to remove religious materials, artifacts, and effects from his personal work station.

18. A meeting was held between Plaintiff, Mr. Epple, another employee (Dr. Weaver) and Ms. Devine to further discuss the circumstances of her investigation. At this time, Ms. Devine started screaming at Plaintiff and during that verbal rampage, screamed at Plaintiff that "she wanted Plaintiff gone", "that no Man talks to her this way", and that "she wanted Plaintiff fired".

19. From July 2008 through October 2008, Ms. Devine slowly removed the duties and responsibilities of Plaintiff. Ms. Devine repeatedly complained, degraded, and harassed Plaintiff in front of other people for making any positive verbal contributions to the development of the staff and working environment.

20. Despite repeated complaints by Plaintiff to supervisors of Ms. Devine, regarding Ms. Devine's, Ms. Devine's harassing behavior towards Plaintiff continued until Plaintiff was forced to terminate employment.

## COUNT I: SEX DISCRIMINATION

21. Plaintiff realleges and incorporates in this paragraphs 1-20.

22. Plaintiff's sex was a determining factor in Defendant's creation of an intolerably hostile workplace which resulted in the constructive discharge of the Plaintiff.

23. Defendant, by and through its Health Services Administrator, knowingly and willfully discriminated against Plaintiff on the basis of his sex in violation of Title VII of the Civil Rights Act.

## COUNT II: RELIGIOUS DISCRIMINATION

24. Plaintiff realleges and incorporates in this Count I paragraphs 1-20.

25. Plaintiff's religion was a determining factor in Defendant's creation of an intolerably hostile workplace which resulted in the constructive discharge of the Plaintiff.

26. Defendant, by and through its Health Services Administrator, knowingly and willfully discriminated against Plaintiff on the basis of his religious beliefs in violation of Title VII of the Civil Rights Act.

## COUNT III: RETALIATION

27. Plaintiff realleges and incorporates in this Count II paragraphs 1-20.

28. Defendants, by and through its Health Services Administrator, intentionally, willfully, and wantonly retaliated against Plaintiff in response to his objections and refusal to obey the discriminatory orders by Defendant.

29. Defendant knowingly and willfully retaliated against Plaintiff on the basis of objecting and refusing to obey the discriminatory orders by the Defendant.

## COUNT IV: VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT

30. Plaintiff realleges and incorporates in this Count II paragraphs 1-20.

31. Plaintiff disclosed to the State of Florida the violation of state law committed by the Defendant, by and through its Health Services Administrator, Ms. Robin Devine.

32. The Defendant, by and through its manager, took retaliatory personnel action in the form of a hostile workplace and constructive discharge against the Plaintiff because

the Plaintiff disclosed the activity, policy or practice of the Defendant which is in violation of Florida's Nursing Law and Federal Privacy Law.

33. The above-stated actions by the Defendant's manager and agent against the Plaintiff are in violation of Plaintiff's rights under the Florida Whistle-blower Act, Florida Statute section 448.102(1), for which Defendant is liable for Plaintiff's retaliatory discharge.

**WHEREFORE**, Plaintiff respectfully demands judgment against the Defendant for:

A. Compensatory damages for Plaintiff's mental anguish, pain and suffering, and other non-pecuniary losses;

B. Back pay and front pay;

C. Punitive damages;

D. Plaintiff's attorneys' fees and costs of this action; and

E. Such other relief as may be just and equitable.

Respectfully submitted,

_____
Anthony Reeves, Esq.
Attorney for PLAINTIFF
Florida Bar No. 0514144
Post Office Box 580570
Kissimmee, Florida 34758
(407) 608-5757 (ph)
(407) 608-5440 (fax)

_____
Ingrid Hooglander, Esq.
Attorney for PLAINTIFF
Florida Bar No. 0149410
618 Bloomingdale Avenue
Brandon, Florida 33511
(813) 902-3576 (ph)
(813) 436-8470 (fax)

Dated: 11/16/09