UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD TERRY,

    Plaintiff,

v.                      CASE NO. 8:10-CV-7-T-17MAP

ARMOR CORRECTIONAL
HEALTH SERVICES,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 19    Amended Motion for Taxation of Costs
Dkt. 20    Response

Defendant Armor Correctional Health Services moves for taxation of costs on the grounds that Plaintiff's litigation actions were frivolous, unreasonable, or without foundation. Defendant argues that after Plaintiff Terry filed Plaintiff's Amended Complaint, which dropped all federal claims and replaced them with claims brought under the Florida Civil Rights Act, Defendant moved for remand, which was granted. Defendant argues that Defendant is considered the prevailing party, and seeks the award of costs in the amount of $350.00, the filing fee.

Plaintiff Terry responds that the Court should exercise its discretion to deny costs. Plaintiff Terry argues that the resolution of the Motion to Remand by Plaintiff and Defendant constitutes a voluntary dismissal of all claims by stipulation. Plaintiff Terry further argues that Plaintiff's actions in

Case No. 8:10-CV-7-T-17MAP

remanding the case were not frivolous, unreasonable or without foundation.

Under 28 U.S.C. 1447(c), the Court may require the payment of just costs, and any actual expenses, including attorney's fees. In <u>Martin v. Franklin Capital Corporation</u>, 546 U.S. 132 (2005), the Supreme Court held that, absent unusual circumstances, courts may award attorney's fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal. In this case, there was an objectively reasonable basis to remove the case. However, after removal, Plaintiff Terry voluntarily dismissed the federal claims, clearing the way for the remand of this case to state court, where Plaintiff could pursue Plaintiff's claims under FCRA.

Plaintiff's FCRA have the same factual basis as Plaintiff's federal claims. That Plaintiff Terry voluntarily dismissed the federal claims does not mean that those claims were frivolous, unreasonable or without foundation. After consideration, the Court denies Defendant's Amended Motion for Taxation of Costs. Accordingly, it is

**ORDERED** that Defendant's Amended Motion for Taxation of Costs is **denied.**

Case No. 8:10-CV-7-T-17MAP

remanding the case were not frivolous, unreasonable or without foundation.

Under 28 U.S.C. 1447(c), the Court may require the payment of just costs, and any actual expenses, including attorney's fees. In <u>Martin v. Franklin Capital Corporation</u>, 546 U.S. 132 (2005), the Supreme Court held that, absent unusual circumstances, courts may award attorney's fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal. In this case, there was an objectively reasonable basis to remove the case. However, after removal, Plaintiff Terry voluntarily dismissed the federal claims, clearing the way for the remand of this case to state court, where Plaintiff could pursue Plaintiff's claims under FCRA.

Plaintiff's FCRA have the same factual basis as Plaintiff's federal claims. That Plaintiff Terry voluntarily dismissed the federal claims does not mean that those claims were frivolous, unreasonable or without foundation. After consideration, the Court denies Defendant's Amended Motion for Taxation of Costs. Accordingly, it is

**ORDERED** that Defendant's Amended Motion for Taxation of Costs is **denied.**

Case No. 8:10-CV-7-T-17MAP

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 9th day of August, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record